

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00927-CR

Jesus Geraldo **PINA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR1075
Honorable Joey Contreras, Judge Presiding

PER CURIAM

Sitting:     Sandee Bryan Marion, Chief Justice
             Rebeca C. Martinez, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: January 16, 2019

DISMISSED

Pursuant to the terms of his plea-bargain agreement, Jesus Geraldo Pina pled guilty to possession of a controlled substance, heroin, in an amount of four grams or more but less than 200 grams, and was sentenced to six years in prison. On November 7, 2018, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Pina filed a notice of appeal, the trial court sent copies of the certification and notice of appeal to this court. *See id.*

25.2(e). The clerk's record, which includes the trial court's certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by Pina. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* Thus, the trial court's certification appears to accurately reflect that this is a plea-bargain case and that Pina does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

We informed Pina that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). In response to our order, Pina's counsel has filed a letter stating that his request to the trial court to amend its certification was denied. Because no amended certification has been filed showing that Pina has the right to appeal, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

Do not publish